### GATES v STAIGER et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15898. Decided May 17, 1937

Payer, Corrigan, Cook & Pilliod, Cleveland, for plaintiff-appellant.

J. R. Kistner, Cleveland, for defendant-appellee (Staiger).

ROSS, J, (1st Dist) sitting by designation.

### OPINION

By LIEGHLEY, J.

A collision between two automobiles occurred on July 13, 1932, in the city of Painesville, at the intersection of Walnut Street and Bank Street. The defendant, Mary Jane Staiger was operating her automobile with five passengers in her car, including plaintiff, Frances Gates, in a westerly direction on Walnut Street, a main inter-county thoroughfare, about 3:00 o'clock P. M. on said day. The defendant,

L. J. Hurlburt, now deceased, for whose estate his administratrix filed an answer in the trial court, but his part in that collision on that day will be referred to in his name for convenience herein,—was operating his automobile in a southerly direction on Bank Street.

The trial resulted in a verdict in favor of both defendants. A notice of appeal on questions of law was filed by plaintiff to review said verdict and judgment.

There were no interrogatories submitted to the jury. It is therefore impossible to say what the jury findings of fact were. That the issues of fact presented were resolved in favor of the defendants is known.

There was evidence that the defendant Staiger, was driving her car at speeds from twenty to forty-five miles per hour. There was evidence that defendant, Hurlburt, stopped his car at the stop sign north of the intersection and evidence to the contrary. There was evidence that Hurlburt was going at speeds from five to twenty-five miles per hour. There was evidence that Hurlburt kept a look-out where he was going and looked in both directions and testimony that he did not seasonably see the Staiger car. There was evidence pro and con that the defendant Staiger swerved her car to the left to pass in front of the Hurlburt car when Hurlburt speeded up and collided with the Staiger car.

There was evidence that the Hurlburt car suddenly gained speed in the intersection as if his foot accidentally contacted the accelerator instead of the brake. There was evidence that defendant Hurlburt immediately after the accident made declaration to the effect that he accidentally touched the accelerator at the moment when a collision seemed imminent.

There is some evidence justifying the claim that the Staiger car was headed in a southwesterly direction in her efforts to avoid the collision and that the collision took place at the southwest corner of the intersection where the right front part of the Hurlburt car struck the right rear part of the Staiger car, hurling it about so that it was facing and proceeded in a different direction. It is highly improbable that the Hurlburt car travelling at a speed of five to eight miles per hour would have such momentum and force as to hurl the Staiger car, carrying six persons, in the manner disclosed by the one phase of the evidence.

However, all these issues of fact with other material issues were before the jury and substantially controverted and all were resolved in favor of defendants. The issues were controverted to such extent that little weight can be given to the claim that the verdict is manifestly against the weight of the evidence.

The principal assignment of error advanced, argued and relied upon, relates to the charge of the court. The charge is particularly claimed to be prejudicially erroneous by reason of the proof peculiar to this case to which reference has been briefly made above.

At the conclusion of all the evidence and arguments of counsel, the court proceeded to charge the jury. At the conclusion or near the conclusion of the general charge there was an unreported consultation between court and counsel, following which the court read several sections of the General Code of Ohio to the jury.

Sec 6310-28 GC was read, which defines the right of way or what is meant by the right of way.

Sec 6310-30 GC was read, which defines a main thoroughfare.

Sec 6310-31, GC, providing that vehicles and street cars going on main thoroughfares shall have the right of way over those going on intersecting thoroughfares, was read.

Following this, the court charges the jury as follows:

"The Court: Now, then, ladies and gentlemen of the jury, these sections that the court has read to you are intended to prescribe a rule of conduct for persons operating automobiles upon reaching intersections, and you will consider them in connection with the court's instruction for whatever bearings they may have, in your judgment, on the question of negligence, whether ordinary care was exercised or not."

This charge, to the effect that these sections prescribe a rule of conduct, is in substance the language of syllabus 4 of the case of **Heidle v Baldwin, 118 Oh St 375.** The rule was approved and followed by the Supreme Court in the case of **Candy Company v Kling, 121 Oh St 362.** Both of these cases were disapproved and overruled in the case of **Morris v Bloomgren, 127 Oh St 247.** By this latter decision it is established as the law prevailing since then that these sections confer an absolute right of way and right to proceed to the vehicle travelling in a lawful manner on a main thoroughfare and that it is the

duty of the driver of an automobile approaching the intersection over an intersecting street to yield the right of way to such automobile on the main thoroughfare. It is also the right of the driver on the main thoroughfare to ▮▮▮▮▮ anticipate that the driver on the intersecting street will thus yield the right of way and right to proceed under such circumstances.

The contention is strenuously urged by appellant that the charge of the court that these statutes prescribe a rule of conduct was erroneous under existing law, and that the failure of the court to charge the rule of Morris v Bloomgren, supra, was error prejudicial to the rights of plaintiff, and that these errors of omission and commission resulted in a miscarriage of justice.

The inquiry is whether or not the charge of the court as given and the failure of the court to charge the rule of absolute right of way if travelling in a lawful manner, was prejudicial error. ▮▮▮▮▮ It must be conceded that the charge quoted above was erroneous as given. In view of the conclusions of the jury, was the failure to charge the rule of absolute right to proceed in a lawful manner by defendant, Staiger, on this main highway, prejudicial to the plaintiff?

Appellant cites the case of **Bliss v Hartnett, 48 Oh Ap 156 (15 Abs 308),** in which there was a verdict for plaintiff. The trial court charged the rule of the Heidel v Baldwin case. After the trial and before the decision in the Court of Appeals, the holding in Morris v Bloomgren was announced by the Supreme Court. This case was reversed by reason of this announcement of the present rule as prejudicial to the rights of defendant, in failing to give to the defendant an absolute right of way on a main thoroughfare if travelling in a lawful manner. Would the charge of the trial court in this case have been held to be prejudicially erroneous and the cause reversed, if the verdict had been in favor of defendant?

As stated, Heidel v Baldwin supra, in syllabus 4, established the law that these sections prescribe a rule of conduct and that the rule of negligence per se is not applicable thereto. A judgment in favor of plaintiff was reversed by the Supreme Court for the reason that the trial court apparently applied the per se doctrine as imposing an unwarranted burden.

In the case of Candy Company v Kling, supra, there was a verdict for defendant. The trial court charged the jury that it was the duty of plaintiff to yield the right of way to defendant at the intersection and charged in terms approaching the rule announced in Morris v Bloomgren. The Court of Appeals reversed the trial court adhering to the rule of conduct theory. The Supreme Court affirmed the judgment of the Court of Appeals on authority of Heidel v Baldwin, with two judges dissenting. It is reasonable to conjecture that the case would not have been reversed and the reversal sustained if the verdict had been for plaintiff. The trial court, by the charge given, recognized the preferential status of the defendant approaching from the right in conflict with the rule of conduct interpretation of the statutes then the law. If the rule of Morris v Bloomgren had then been the law it is unlikely that the charge would have been held to have lightened the duties and responsibilities of the defendant to the prejudice of the plaintiff, nor would prejudicial error be deemed to have intervened if the rule of conduct theory had been charged with a verdict for defendant.

In the case of Morris v Bloomgren, supra, plaintiff recovered a judgment in the trial court. The Court of Appeals reversed the judgment for error in giving special charge No. 7, which was an instruction to the effect that the operator of a vehicle approaching an intersection shall yield the right of way to the other to which the statutes give a preferential right to proceed. In effect, it, No. 7, means that the driver on the main road had an absolute right to proceed. The Supreme Court affirmed the Court of Appeals not for the reason that this charge was error in substance, but because this special request did not "qualify that privilege by yielding the right of way to such vehicle providing it was proceeding in a lawful manner."

Attention is called to these cases not that they are decisive of the inquiry before us but as disclosing the history of the establishment of the rule of conduct theory and the subsequent absolute right of way rule on condition that the traveller on the main thoroughfare is proceeding in a lawful manner. Also, to challenge attention to the verdicts in the respective cases and the final results thereof for such light upon this inquiry of prejudicial error as they may reflect.

Attention has been directed to some of the issues of fact. Was the Staiger car travelling at a lawful or unlawful speed?

Did the Hurlburt car stop as required by law, or did it proceed without the operator looking or yielding the right of way to the Staiger car? Did the jury find that defendant, Staiger, was driving in an unlawful manner and then decide that her negligence was not the proximate cause of the collision but rather the conduct of the defendant Hurlburt? The record does not disclose the answers to these questions and many others presented thereby.

The charge of the court that these sections prescribed a rule of conduct relegated the defendant Staiger to her rights and obligations under the rule of ordinary care. It denied defendant, Staiger, her preferential right to proceed uninterruptedly in a lawful manner and her right to anticipate that defendant, Hurlburt, would obey the law and yield to her the right of way.

If the defendant, Staiger, was driving in an unlawful manner and not entitled to her privileges under the right of way statute, then she was relegated to her duties and obligations of exercising ordinary care. Under the charge as given, these duties and obligations were imposed on her. It must be assumed that the jury measured her conduct by this rule. Since the jury exonerated her from liability under the rule and charge as given, certainly no other and different verdict could be logically expected following a charge in compliance with the law of Morris v Bloomgren, as such charge would accord to her the advantage of a preferential status. By ignoring this status she sustained a burden of greater duties and responsibilities under the charge given.

If defendant, Staiger, was proceeding in an unlawful manner, the charge as given virtually placed both drivers on an equal plane and relegated both to the rules of care at common law. This was all that the plaintiff was entitled to in this event. If she was travelling in a lawful manner the court ignored her preferential status conferred by law to her prejudice. By thus giving her, Staiger, less than her right, how was the plaintiff prejudiced?

Under the circumstances it is difficult to conceive how the error of the court in the charge as given, and the failure of the court to charge the absolute right of way rule, if driving in a lawful manner, could be prejudicial to the plaintiff in respect to the verdict in favor of defendant, Staiger. By the same process of reasoning, it is obvious that the court's failure to impose the duty upon the defendant Hurlburt, under these sections, to stop and yield the right of way to the on-coming car, if driven by defendant, Staiger, in a lawful manner, could not be otherwise than prejudicial to the rights of plaintiff in respect to the verdict in his favor.

After further unreported conference between the court and counsel, the court read a portion of §12603, GC,

"that no person shall operate a motor vehicle at a speed that is greater than is reasonable and proper, and providing that no person shall drive a car at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The court did not read the balance of the section which prescribes the actual miles that are lawful and the actual miles per hour that shall constitute prima facie evidence of negligence.

It is urged that the failure of the court to read the concluding portion of this section was prejudicial error. The bill of exceptions discloses that no request was made to read all of this section. At the conclusion of the charge, counsel for plaintiff, upon inquiry by the court whether there was something further desired, answered in the negative. We see no prejudicial error in this omission under the circumstances. To charge the jury that both are required to drive in a reasonable and proper manner is not prejudicial nor is the charge that each must be able to stop in the assured clear distance ahead, as the range of vision of each was ample under the facts of this case.

The judgment in favor of the defendant Staiger is affirmed. The judgment in favor of defendant Hurlburt, or more properly his administratrix, is reversed and the cause remanded for a new trial.

LEVINE, PJ. concurs in judgment.
ROSS, J, concurs.